An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE SMITH,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JEROME T. TAO, DISTRICT JUDGE,
Respondents,
and
MICHELLE MORGAN,
INDIVIDUALLY, AND AS
GUARDIAN/PARENT OF RENEE
TORRANCE,
Real Party in Interest.

No. 65028

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus challenging a district court order denying summary judgment in a tort action.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see* NRS 34.160. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). This court generally considers writ petitions challenging district court orders denying motions for summary judgment only if summary judgment is clearly required as a matter of law. *ANSE, Inc. v. Eighth Judicial Dist. Court*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008).

SUPREME COURT
OF
NEVAOA

(O) 1947A

14 - 19234

Petitioner contends that he cannot be liable for the tortious conduct of a tenant's minor child that allegedly occurred at a location unrelated to the leased premises. Before the district court, real party in interest alleged that a special relationship existed between petitioner and his tenants, that petitioner knew of the minor child's dangerous propensities, and that petitioner accordingly had a duty to protect third parties from the minor child. The district court found that Nevada's substantive law regarding the scope of a landlord's duty of care toward third parties was unclear and that certain factual circumstances may have existed such that petitioner had a special relationship with the tenants, thereby giving rise to a duty to protect third parties.

Generally, a party owes no duty to a third person to control actions of another, unless the party owes an affirmative duty of care to that third person. Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 37 (2012). A landlord owes a duty of reasonable care to its tenants within the confines of the landlord-tenant relationship, but does not have a broader duty extending beyond the leased premises and the scope of that relationship. *Id.* § 40 & cmt. f & m.

After petitioner moved for summary judgment, asserting that the injurious conduct bore no connection to his relationship with his tenants and that he had no special relationship with his tenants establishing an affirmative duty to real party in interest, real party in interest, in opposing the motion, did not set forth specific facts demonstrating the existence of a genuine issue of material fact. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005). Further, in the context of this writ proceeding, although this court entered an order on April 17, 2014, directing real party in interest to file an answer against

issuance of the requested writ by May 19, 2014, she has failed to file an answer disputing petitioner's contentions that he cannot be liable to real party in interest as a matter of law. Thus, we conclude that petitioner has met his burden of demonstrating that extraordinary relief is warranted, that summary judgment is clearly required, and that the district court is compelled to grant his motion for summary judgment. *ANSE, Inc.*, 124 Nev. at 867, 192 P.3d at 742; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Pan*, 120 Nev. at 228, 88 P.3d at 844; *see* NRS 34.160. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying petitioner's motion for summary judgment and to grant summary judgment in favor of petitioner.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Jerome T. Tao, District Judge
        Upson Smith/Las Vegas
        Homeowner Relief Lawyers LLC
        Eighth District Court Clerk